

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMIE GOSS | CASE NO. 03-CV-935 (RNC) |
| PLAINTIFF | |
| VS. | |
| FAIRFIELD HOUSING AUTHORITY, CHARLES FELD, MARILYN MCNEE, AND DAVID BELCHER | |
| DEFENDANTS | OCTOBER 20, 2003 |

### MOTION FOR EXTENSION OF TIME
### TO SCHEDULE A PLANNING CONFERENCE

The defendants, Fairfield Housing Authority, Charles Feld, Marilyn McNee, and David Belcher ("Defendants"), hereby request an additional thirty (30) days to schedule a planning conference with the plaintiff, Sammie Goss ("Plaintiff"). In support of this motion, the Defendants state the following:

1. The Plaintiff, who is proceeding *in forma pauperis*, attempted service by mail pursuant to Fed. R. Civ. P. 4, with a request for waiver of service dated July 9, 2003.

2. These Defendants waived service within the time set forth in the request for waiver. The undersigned counsel appeared by notice dated August 27, 2003, which was filed in Court on August 28, 2003.

3. The case was originally assigned to Judge Arterton in the United States District Court in New Haven, but was subsequently referred to Judge Chatigny in the United States District Court in Hartford. Apparently, this case was referred together with several other lawsuits by this Plaintiff against other public housing authorities.

4. The Defendants subsequently learned that the Plaintiff by letter to the Court requested that these cases be transferred to the United States District Court in Bridgeport, and that this case was referred to United States Magistrate Judge William Garfinkel for a status conference. (Since that time, the Court has inquired whether the parties would consent to a general referral to Judge Garfinkel.) The cases have been scheduled for a status conference before Judge Garfinkel for November 3, 2003.

5. The undersigned counsel learned in September that Attorney Sarah Clinton Curtis intended to enter an appearance for the Plaintiff, and had several conversations with Attorney Curtis concerning the Plaintiff's allegations and how best to proceed. On several occasions, Attorney Curtis reiterated that she would be entering an appearance after she had a chance to review the file and speak to her client. In a telephone conversation with the

undersigned on October 3, 2003, Attorney Curtis stated that she would be meeting with her client later that day, and would call the undersigned thereafter to discuss proceeding forward, including whether and when an amended complaint would be filed. (The handwritten complaint as it now stands was drafted and filed by the *pro se* Plaintiff and is not easily amenable to response or motion.)

6. Instead, Attorney Curtis notified the Defendants on October 6, 2003, that she would not representing the Plaintiff any further, who is thus continuing to proceed *pro se*.

7. The time for the parties to schedule a Planning Conference pursuant to Fed. R. Civ. P. 26(f) was extended until October 20, 2003. The Defendants previously moved for an enlargement of time of this deadline because the Plaintiff had been *pro se*, but now had an attorney representing her interests. That extension would have provided with all counsel to meet and discuss scheduling and substantive aspects of the case. Because the Plaintiff appears to be continuing *pro se*, however, the Defendants respectfully request that the time to schedule the Planning Conference be extended for an additional 30 days, to enable them first to participate in the status conference scheduled before Judge Garfinkel on November 3, 2003.

8. Pursuant to Local Rule 7, the undersigned states this is the second Motion for Extension of Time to Schedule a Planning Conference pursuant to Fed. R. Civ. P. 26(f).

9. Pursuant to Local Rule 7, the undersigned states that he spoke to Assistant United States Attorney Douglas Morabito, who represents the co-defendant Betty Jones of the Department of Housing and Urban Development, and that Attorney Morabito joins in this motion. The undersigned on this date also attempted to call the *pro se* Plaintiff, but her most current telephone numbers, both cell phone and residential, have been disconnected. The undersigned telephoned directory information only to be told there was no listing in the Plaintiff's name. The undersigned also undertook an internet telephone search, but could locate no working telephone or facsimile number in the Plaintiff's name. Consequently, the Defendants are unaware whether the Plaintiff would object. However, the Plaintiff would suffer no prejudice from the granting of this motion, and would actually benefit, in that she will have the opportunity to participate in the status conference before Judge Garfinkel before committing to any scheduling.

**WHEREFORE,** the Defendants request an additional thirty (30) days up to and including November 20, 2003 to schedule a planning conference.

THE DEFENDANTS
FAIRFIELD HOUSING AUTHORITY,
CHARLES FELD, MARILYN MCNEE, AND
DAVID BELCHER

By: _____
Matthew M. Hausman (ct08966)
Jessica Grossarth (ct23975)
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2000
Facsimile: (203) 576-8888
Their Attorneys

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on October 20, 2003 to all counsel and pro se parties of record.

For the plaintiff SAMMIE GOSS:

Sammie Goss, Pro Se
10 Ridgeley Avenue
Fairfield, CT 06825


Douglas P. Morabito, Esq.
U.S. Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
Matthew M. Hausman (ct80966)

BPRT/58710.5/MXH/495176v1