UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMMIE GOSS, O/B/O MAYNARD, ) | |
| ) | Civil No. 3:03-CV-935 (WIG) |
| Plaintiffs, ) | |
| v. ) | |
| FAIRFIELD HA (HOUSING AUTHORITY), ) | |
| CHARLES FELD, MARILYN McNEE, ) | |
| DAVID BELCHER, and BETTY JONES, ) | |
| Defendants. ) | APRIL 29, 2005 |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States of America, on behalf of the United States Department of Housing and Urban Development (hereinafter "HUD") and Betty Jones, an employee of HUD, submits this memorandum in support of its motion to dismiss the above-captioned case based on the failure of the plaintiffs' complaint to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Background

The pro se plaintiff, Sammie Goss, has filed a hand-written complaint on behalf of Maynard Goss, her service dog, and herself. The named defendants in the caption of the complaint are the Fairfield Housing Authority, Charles Feld, Marilyn McNee, David Belcher and Betty Jones. Betty Jones is an employee of the Connecticut State Office of HUD located in Hartford.

All of the defendants, with the exception of Betty Jones, are actually named as parties in Section A of plaintiffs' complaint. Neither HUD nor Betty Jones are listed as parties in Section A of the complaint.

Plaintiffs do not assert or specify any claims against either Betty Jones or HUD in Sections C or D of the complaint. All of the claims are asserted against the Fairfield Housing Authority, Charles Feld, Marilyn McNee and David Belcher. Rather, plaintiffs make reference to what HUD officials allegedly said to various people in Sections C and D of the complaint. The only other reference to HUD in the complaint is contained in Section D where the plaintiff lists "HUD-Disability and Age Discrimination" and "Fair Housing-Age, Disability-right to live where I want" as "the following of her constitutional rights, privileges or immunities or my rights under a federal statute have been violated." There are no references to Betty Jones anywhere in the text of the complaint.

<u>Argument</u>

The pro se plaintiffs fail to state any claim against HUD or its employee, Betty Jones, in the complaint. Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Supreme Court has stated that the purpose behind the rule requiring a " 'short and plain statement of the claim' [is to] give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "In order to comply with the rule, it is necessary only that the complaint shall be sufficient so that the defendant will have fair notice of the claim asserted and so that the court may properly appraise the validity of the claim." *United States v. Stull*, 105 F. Supp. 568, 570 (D. Conn. 1952). Specifically, the "pleader . . . must set forth sufficient information to outline the elements of the claim or to permit inferences to be drawn that

these elements exist." *Steiner v. Shawmut Nat'l. Corp.*, 766 F. Supp. 1236, 1241 (D. Conn. 1991).

It is true that a pro se litigant is held to less stringent standards than those governing attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ortiz v. Cornetta* 867 F.2d 146, 148 (2nd Cir. 1989); *Peia v. United States*, 152 F. Supp.2d 226, 232 (D. Conn. 2001). Even applying these less stringent standards when a pro se complaint is involved, however, courts have consistently held that when a complaint names a party as a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted. *Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994).

In the instant case, plaintiffs' pro se complaint provides no basis for either HUD and Betty Jones or the court to ascertain how HUD or Betty Jones has allegedly violated the law or acted to injure plaintiffs. Accordingly, because plaintiffs' complaint does not state a claim against either HUD or Ms. Jones, it should be dismissed.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
DOUGLAS MORABITO
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR NO. ct20962

CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that service of the foregoing has been made upon the following by regular mail, this 29th day of April, 2005:

      Sammie Goss
      10 Ridgeley Avenue
      Fairfield, CT06825

      Matthew M. Hausman
      Pullman & Compley, LLC
      850 Main Street, P.O. Box 7006
      Bridgeport, CT 06601-7006

_____
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY