UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| SAMMIE GOSS | : | CASE NO. 3:03-CV-935 (WIG) |
| | : | |
| PLAINTIFF | : | |
| | : | |
| VS. | : | |
| | : | |
| FAIRFIELD HOUSING AUTHORITY, | : | |
| CHARLES FELD, MARILYN MCNEE, | : | |
| AND DAVID BELCHER | : | |
| | : | |
| DEFENDANTS | : | MAY 16, 2005 |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants, Fairfield Housing Authority ("FHA"), Charles Feld ("Mr. Feld"), Marilyn McNee ("Ms. McNee"), and David Belcher ("Mr. Belcher"), have contemporaneously filed a Motion to Dismiss the Complaint filed by Sammie Goss ("Plaintiff") for failure to state a claim upon which relief can be granted. (The FHA, Mr. Feld, Ms. McNee and Mr. Belcher may be referred to collectively as "Defendants.")  A review of the Complaint in the light most favorable to the Plaintiff shows that she has failed to allege facts sufficient to sustain any of the putative claims set forth in her Complaint.

The Plaintiff purports to make claims against these Defendants arising from her alleged difficulties in finding subsidized housing. The handwritten complaint alleges that these Defendants failed to assist the Plaintiff in her search for subsidized housing, and that this failure somehow was discriminatory, despite her admission in the Complaint that she possessed a valid Section 8 Rental voucher (hereinafter "voucher") at all relevant times. This admission presumes, however, that the FHA granted and/or extended her voucher, thereby fulfilling its statutory obligation with respect to her Section 8 application. Despite her inartful references to the Fair Housing Act, the Americans with Disabilities Act, "Civil Rights" and "Human Rights Law," and her claims for "actual damages, exemplary damages, compensatory damages, breach of contract – section 8 voucher, tort, or punitive damages," the Plaintiff actually has alleged nothing to implicate any such statutes or common-law causes of action. Thus, she has failed to assert claims upon which relief can be granted. Moreover, despite her unfounded allegations concerning Ms. McNee's conduct, these allegations, even if true, fail to support any federal claims. Consequently, there is no federal question and, therefore, no basis for jurisdiction.

## II.     FACTS/PROCEDURAL HISTORY

On May 22, 2003, the Plaintiff filed a Complaint form, together with a Motion to Proceed In Forma Pauperous and a Motion for Appointment of Counsel. The Court granted her Motion to Proceed in Forma Pauperous, but denied her initial Motion for Appointment of Counsel. Thereafter, the Plaintiff served the Complaint by mail pursuant to Fed. R. Civ. P. 4, together with a Request for Waiver of Service directed to the

Defendants. The Request for Waiver was dated July 9, 2003. In accordance with the request for waiver of service, these Defendants waived service and appeared by counsel on August 27, 2003.

On or around August 29, 2003, the Plaintiff filed a handwritten Motion for Change of Venue and Motion for Injunction, both dated August 29, 2003. In the Motion for Injunction, the Plaintiff affirmatively states that she moved into her apartment at 10 Ridgeley Avenue, Fairfield, Connecticut, on June 7, 2003. Moreover, both motions contain a return of address label confirming the Fairfield address.

The Complaint was brought by the Plaintiff *pro se* and also on behalf of a "Maynard Goss," which the Plaintiff alleges to be a service dog. The Plaintiff purports to state claims of "HUD-Disability and Age Discrimination" and "ADA - Reasonable Accommodation," and violations of "Fair Housing – Age, Disability, Right to Live Where I Want (sic)," "Civil Rights," and "Human Rights." (See Complaint, pp. 2 and 4.) The allegations of Defendants' tortious conduct, however, are vague, contradictory and legally insufficient. In fact, some of her allegations undercut, and actually support defenses to, her legal claims.

In essence, the Plaintiff alleges that she transferred a valid Section 8 voucher to the FHA and that the FHA failed to assist in her search for housing. She also alleges that she was denied "reasonable accommodation" in part by the Defendants' supposed refusal to provide her forms with enlarged print, but then contradicts herself by alleging that the Defendants actually did provide forms with enlarged print. (See Complaint, p. 3.) The

3

Plaintiff claims or implies that this alleged conduct somehow violated the HUD regulations, the Fair Housing Act, the Americans With Disabilities Act, some undefined "Civil Rights," and some equally undefined "Human Rights."  But she fails to allege -- and indeed cannot truthfully allege -- that the Housing Authority owned any Section 8 dwellings or was a Section 8 landlord.  The absence of such allegations is fatal to her Complaint.

The proceedings were stayed after the Court granted Plaintiff's Motion for Appointment of counsel.  The Court ultimately reversed its order granting the Motion for Appointment of Counsel, and set the current deadline for filing answers and defenses or motions.  In accordance with this deadline, the Defendants file this Motion to Dismiss and Memorandum in Support of Motion.

### III. LEGAL ARGUMENT

#### A. Standard for Motion to Dismiss

When considering a motion to dismiss pursuant to Federal Rule 12(b)(6), the allegations of the complaint are taken as true. *Sykes v. James*, 13 F. 3d 515, 519 (2d 1993) *cert. denied* 114 S.Ct. 2749 (1994).  Conclusory statements, however, are not deemed to be true.  *Hirsch v. Arthur Andersen & Company*, 72 F.3d 1085, 1088, 1092 (2d 1995).  The court must determine on the pleadings whether the Plaintiff has stated a claim upon which relief may be granted.  *Fischman v. Blue Cross & Blue Shield*, 755 F. Supp. 528 (D. Conn. 1990).  Dismissal is warranted when, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  *Hishon v. King &*

*Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 229, 232-33 (1984). Federal Rule 12(b)(6) "delineates the procedures which must be followed in testing the legal sufficiency of a complaint." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). In considering a motion to dismiss under this rule, the Court is obligated to accept the allegations of the complaint as pleaded. *Allen v. WestPoint-Pepperelle, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "In order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997).

Even assuming, *arguendo,* the facts alleged to be true, the Complaint sets forth no cognizable claims against these Defendants upon which relief can be granted. The Complaint is subject to dismissal because it is legally insufficient on its face and fails to contain any factual allegations supporting violations of the acts and statutes referenced therein, or to provide notice of any legitimate claims against the Defendants.

The Plaintiff's Complaint has set forth no allegations giving rise to any claims for actual damages, exemplary damages, compensatory damages, "breach of contract – section 8 voucher," tort, or punitive damages. Moreover, the Complaint fails to allege that the FHA owns any Section 8 housing that it denied to the Plaintiff.[1] Rather, the Complaint tacitly admits that these Defendants fulfilled their statutory and/or regulatory obligations by granting and/or extending the Plaintiff's voucher so she could find subsidized housing. (And, as set forth below, the record contained in the Court file (i.e., the Plaintiff's Motion

---

[1] In fact, the Fairfield Housing Authority owns no Section 8 housing.

for Change of Venue and Injunction), reflects that the Plaintiff actually used her voucher to find such housing in Fairfield.)

Moreover, if the Plaintiff truly believed that the Defendants had violated her rights under the Fair Housing Act, she could have filed a Housing Discrimination Complaint (HUD-903 Form) with the Department of Housing and Urban Development ("HUD") pursuant to the HUD regulations. She failed, however, to avail herself of her administrative remedies, electing instead to commence a civil action that is completely devoid of merit.

    **B.**    **The Complaint on it Face Contains No Legally Sufficient Claims Against the Defendants**

        **1.**    **Section 8 Voucher**

Even the most generous reading of the Complaint reveals no legitimate claims against the Defendants with respect to the Plaintiff's search for subsidized housing under The Fair Housing Act, 42 U.S.C. 3601 *et seq.*, The National Housing Act, 12 U.S.C. § 1701, *et seq.*, or the HUD Regulations, 24 C.F.R. 982.551, *et seq.* (The National Housing Act and HUD Regulations govern the Section 8 subsidy program for low-income housing.) Pursuant to 24 C.F.R. 982.551, *et seq.*, a public housing authority accepts and considers applications for Section 8 subsidies, which are granted in the form of Section 8 vouchers. *See id., see also generally*, *Williams v. Hanover Housing Authority*, 871 F. Supp. 527 (D. Mass 1994). Under the statute and regulations, the applicant files an application and is required to provide complete income information necessary for determining whether he or she qualifies for low-income housing. The Federal Regulations provide definitions of

6

income and methods for analyzing and evaluating the applicant's income. *See e.g.*, 24 C.F.R. 5.603, 5.609(a)-(d).

In the instant case, the Plaintiff fails to allege that any of these Defendants denied her application for a Section 8 voucher. On the contrary, Plaintiff admits that at all times she possessed a valid voucher. Her mere allegations that some of the Defendants failed to find an apartment for her do not give rise to a legal obligation for them to do so. The role of a public housing authority under the statute and regulations is to process and consider applications for Section 8 subsidies, 24 C.F.R. 982.551 *et seq.*; it is not required actually to obtain housing for the applicant. Significantly, the Plaintiff does not allege that the FHA owns any Section 8 housing to which she was denied access, nor can she.

Despite the Plaintiff's inflammatory allegations, the Defendants were not Section 8 landlords and thus had neither the power nor the authority to negotiate a lease for Section 8 housing. Moreover, as a public housing authority, the FHA is not responsible for searching for housing or negotiating leases for property it does not own. With respect to tenant placement, the HUD Regulations clearly state: "The **owner** is responsible for screening and selection of the family to Tenant screening and selection of the family to occupy the owner's unit." (Emphasis added.) 24 C.F.R. § 982.307(a)(2). The regulations further provide: "The **owner** is responsible for screening families on the basis of their tenancy histories." (Emphasis added.) 24 C.F.R. § 982.307(a)(3). If the Plaintiff truly had a sufficient claim for denial of housing under the HUD Regulations and Fair Housing Act,

she would need to identify specific housing that she was denied and identify the <u>landlords</u> who denied her housing. The Complaint fails to do this. Consequently, even assuming *arguendo* the other allegations of the Complaint to be true, it simply fails to state a cause of action for violations of the Fair Housing Act or the HUD Regulations.

The most generous reading of the Complaint reveals that it fails to allege the Defendants were Section 8 landlords who unfairly denied her housing, and actually admits that the Defendants discharged their obligations under the statute and regulations. Consequently, the Plaintiff has alleged no cause of action upon which relief can be granted for violations of the HUD Regulations or the Fair Housing Act.

> 2. **<u>A Public Housing Authority Has A Right to Request, and Applicant Has Duty to Disclose, Income Information</u>**

The Plaintiff alleges that Ms. McNee and the FHA somehow discriminated against her by requesting information about her income. (*See* Complaint, p. 3.) Specifically, the Plaintiff alleges that she was the beneficiary of a special needs trust, the disclosure of which she incorrectly claims was prohibited. (*See* Complaint, p. 3.) Her claim of exemption from such financial disclosures, however, is simply incorrect under the applicable HUD regulations; and in any case she claims no damages arising from the disclosure. Therefore, these allegations fail to state a claim upon which relief can be granted.

Pursuant to the HUD Regulations, a participant in the subsidy program "must supply **any** information requested by the PHA [public housing authority] or HUD for use

in a regularly scheduled reexamination or interim reexamination of family income and composition in accordance with HUD requirements." (Emphasis added.) 24 C.F.R. 982.551.

> Section 24 C.F.R. §982.551, 24 C.F.R. 982.551, concerning a participant family's obligations, dictates among other things that the family must provide the housing authority with **any information necessary to administer its program**, 24 C.F.R. §982.552(b)(1) information necessary for the housing authority to conduct annual and interim reexaminations of family income and composition, 24 C.F.R. §982.552(b)(2); and information concerning changes in family composition as they occur. 24 C.F.R. §§982.552(h) (2), (3).

(Emphasis added.) *Sweeney v. Housing Authority of Chester County*, 215 B.R. 97, 102 (1997). The Defendants are aware of no authority prohibiting them from requesting information concerning such trusts. On the contrary, the applicable regulations give them broad authority to request "any information necessary to administer its program." *Id*. The weight of authority clearly shows the Defendants were entitled to request information about the trust in order to determine the Plaintiff's income generated therefrom. Thus, the allegation that the FHA improperly required information concerning her trust fails to state a claim upon which relief can be granted.

    C.    **The Complaint Contains No Allegations of Failure to Provide Reasonable Accommodation Under Either the Fair Housing Act or the Americans With Disabilities Act**

The Plaintiff also alleged that the Defendants refused her request for reasonable accommodation, but she subsequently alleged that the Defendants provided her the accommodation she requested. Specifically, the Complaint alleges that the Defendants failed to provide her with large-print forms when requested. (See Complaint, p. 3.) The

9

Complaint goes on to allege, however, that the Defendants provided her with large-print forms, but that she found the provision of such forms "humiliating . . ." (See Complaint, p. 3.) Despite the Plaintiff's attempt to cast the Defendants' actions in a nefarious light, she nevertheless admits that the Defendants provided her with the very same large-print forms she requested. Consequently, a broad reading of the Complaint shows that the Plaintiff admits that the Defendants provided her with the accommodation she requested. (See Complaint, p. 3.)

The Plaintiff also alleges that Ms. McNee would not let her tape record their meeting (Complaint, p. 3), but she fails to allege that she suffered any harm or injury as a result. That is, she has failed to allege, and cannot truthfully allege, that she was denied housing because of any alleged "failure to accommodate." Thus, even assuming for the sake of argument the truth of this allegation, it fails without more to state a claim upon which relief can be granted under the ADA, 42 U.S.C. §12132 et seq., the Fair Housing Act, 42 U.S.C. § 3601 et seq., or the National Housing Act, 12 U.S.C. § 1701 et seq.

In any event, the foregoing discussion is purely academic because the Plaintiff has failed to allege a true failure to accommodate claim. Such claims typically involve allegations that a public housing authority failed to honor a reasonable request to accommodate that somehow denied the claimant subsidized housing; for example that the housing authority failed to complete forms necessary to obtain approval for Section 8

status. The Plaintiff makes no such allegations in her Complaint, and fails to make any allegations implicating her claimed disabilities.

Under the Fair Housing Act, a claimant must allege that he or she was denied a right or privilege because of the alleged failure to accommodate. In *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 11 NDLR P. 361 (2nd Cir. 1998), the Second Circuit Court of Appeals observed that the Fair Housing Act makes it unlawful

> [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap to that person.
>
> 42 U.S.C. § 3604(f)(2)(A). Under the FHAA, discrimination includes 'a refusal to make *reasonable accommodations* in rules, policies, practices, or services when such accommodations may be necessary to afford such person *equal opportunity to enjoy a dwelling*. 42 U.S.C. § 3604(f)(3)(B).

(Italics in original.) *Salute*, 136 F.3d at 299-300, *citing Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 335 (2nd Cir. 1995). The Complaint in this case fails to state a claim upon which relief can be granted because it does not allege, and cannot truthfully allege, that the Plaintiff was denied housing by any alleged failure to accommodate by the Defendants. Rather, the Complaint admits that at all times she possessed a valid Section 8 voucher. Thus, the alleged conduct underlying the failure to accommodate claim, even if true, had no impact or influence on her ability to find subsidized housing.

Although the Plaintiff in her Complaint refers to the ADA, she fails to state how any alleged failure to accommodate caused any harm or injury under this statute,

11

particularly in light of her possession at all relevant times of a Section 8 voucher. Moreover, her Complaint fails to allege, and cannot truthfully allege, that: (1) she is a "qualified individual" with a disability; (2) the defendants are subject to the ADA; <u>and</u> (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against because of her disability. *Henrietta D. v. Bloomberg*, 331 F.3d 261 (2nd Cir. 2003); *see also Doe v. Pfrommer*, 148 F.3d 73, 82 (2nd Cir. 1998). Because she admits she possessed a voucher (and because the Court record shows she actually found housing using her voucher), she cannot as a matter of law prove that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against because of her disability. *Henrietta D.*, 331 F.3d at 272.

As discussed above, the Defendants were not obligated by law to locate housing for the Plaintiff. Moreover, the failure to accommodate described in the Complaint could have had no discriminatory impact because the Complaint also indicates the Plaintiff possessed a valid Section 8 voucher at all relevant times. Accordingly, the Plaintiff has failed to state upon which relief can be granted for failure to accommodate under either the Fair Housing Act, National Housing Act, or the Americans with Disabilities Act.

### D. The Plaintiff Has Failed to State Valid Causes of Action for "Civil Rights" or "Human Rights" Violations

The Plaintiff also alleges that the Defendants' conduct constitutes violations of "Civil Rights" and "Human Rights" law -- as if they were common law -- but fails to

allege any statutory basis for these claims. Moreover, the Complaint alleges that the Plaintiff possessed a valid Section 8 voucher and likewise alleges that she was given the "reasonable accommodation" she requested. The Plaintiff has offered no allegations whatsoever to suggest that she was denied *any* right or privilege by these Defendants. Consequently, in the absence of legally sufficient allegations of wrongful conduct or statutory violations, the Plaintiff's Complaint fails to state a claim for her vague allegations of "Civil Rights" or "Human Rights" violations.

The Complaint alleges or implies that the Plaintiff suffered discrimination on account of her disability, and seems to cast aspersions on the Defendants' treatment of people with disabilities. Yet, a liberal reading of the Complaint shows that it is devoid of any substantive allegations of conduct rising to the level of disability discrimination. Therefore, the Plaintiff will be unable to show any pattern of discrimination based on this Complaint.

Furthermore, as indicated by the Plaintiff's Motion for Transfer of Venue and Motion for Relief of Injunction, dated August 29, 2003, she actually obtained housing in Fairfield using the voucher issued and/or extended by the FHA. (The Defendants submit also that the Court can take judicial notice that it has been mailing notices to the Plaintiff at her address at 10 Ridgley Avenue, Fairfield, CT  06825.) Thus, the Plaintiff simply cannot show she suffered damages of any kind because of any alleged actions of these Defendants.

### E. The Complaint Contains No Allegations Against Charles Feld or David Belcher

In addition to the foregoing pleading defects, the Complaint contains no substantive allegations that Charles Feld as an individual engaged in any tortious or violative conduct. Likewise, the Complaint contains no substantive allegations with respect to David Belcher, other than that he enlarged some forms. (Complaint, p. 3.) Accordingly, the Plaintiff's claims against Mr. Feld and Mr. Belcher should be dismissed also because the Plaintiff has failed to allege any case or controversy involving them.

It is well-established that a court lacks jurisdiction over a case if there is no actual controversy in which it can afford practical relief to the parties. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Moreover, the "case-or-controversy" requirement extends to state-law as well as federal claims. *Domestic Violence Services of Greater New Haven v. Freedom of Information Commission*, 240 Conn. 1, 6-7 (1997). "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits, it must be justiciable. Justiciability requires . . . that there be an actual controversy between or among the parties to dispute: courts exist for determination of actual and existing controversies . . ." *Id*. The Complaint in this case should be dismissed as to Mr. Feld and Mr. Belcher because it fails to set forth any substantive claims against them under either federal or state law.

### F. The Complaint Contains No Allegations Supporting Claims for "Actual Damages, Exemplary Damages, Compensatory Damages, Breach of Contract – Section 8 Voucher, Tort, or Punitive Damages"

The Complaint contains demands for "actual damages, exemplary damages, compensatory damages, breach of contract – section 8 voucher, tort, or punitive damages," but sets forth no factual allegations supporting such claims for damages. Indeed, the Complaint contains no allegations as to how any conduct by any of these Defendants caused her harm. She has alleged no contract, no tortious conduct that would entitle her to "actual, exemplary or compensatory damages," and no statutory basis for a claim of punitive damages. It is not enough for claimants merely to recite like a mantra the categories of damages for which they seek recovery. They need to allege a theory, a cause of action, or a statutory basis for their claims, none of which can be divined from the instant Complaint. Even pursuant to the notice pleading requirements under the Federal Rules of Civil Procedure, a claimant is still required "to allege facts which clearly bring him or her within prescribed requirements necessary to confer the right of action." *Frank v. LoVetere*, __ F.Supp. __, 2005 WL 756156 (D.Conn. 2005). The Plaintiff has failed to do so here, and her Complaint therefore fails to state claims upon which relief can be granted.

### G.     The Putative Co-Plaintiff, "Maynard Goss" is a Dog and Has No Standing to Bring Any Claims

A fair reading of the Complaint indicates that the co-plaintiff "Maynard Goss" is the Plaintiff's dog.  (Complaint, pp. 3-4.)   The Defendants are aware of no law in Connecticut or elsewhere that confers upon animals the right to sue for violations of HUD, the Fair Housing Act, the ADA, civil rights, "human rights," or any other statutory violation or common-law breach.  On the contrary, courts from among the jurisdictions consistently hold that animals lack standing to sue.  *See e.g., Strahan v. Linnon*, 967 F. Supp. 581 (D.Mass. 1997) (holding that a plaintiff could not bring suit "on behalf of" whales because the whales, although allegedly directly injured by the actions or inactions of the Coast Guard, are animals and therefore lack standing to sue); *see also Citizens to End Animal Suffering and Exploitation, Inc. v. New England Aquarium*, 836 F.Supp. 45, 49- 50 (D.Mass.1993).  Because the Complaint clearly alleges that Maynard Goss is an animal, he has no standing as a plaintiff to bring this lawsuit.

Moreover, even if the dog were to have standing to sue, the Plaintiff as a *pro se* party is prohibited from representing anybody but herself.  To hold otherwise would permit *pro se* litigants to engage in the unauthorized practice of law.  Section 51-88 of the Connecticut General Statutes makes it a misdemeanor for "[any] person who has not been admitted as an attorney ... [to p]ractice law, or appear as an attorney-at-law for another, in any court of record in the state...." Conn. Gen. Stats. § 51-88(a).  Although what constitutes the practice of law in a district court is a question of federal law, *State Unauthorized*

*Practice of Law Committee v. Paul Masson & Associates, Inc.*, 46 F.3d 469 (5th Cir. 1995), the "federal courts traditionally look to state law for assistance in determining what constitutes the [unauthorized] practice of law." *In re Interiors of Yesterday, LLC.*, 284 B.R. 19, 23-24 (Bktcy.D.Conn. 2002); *Steyne v. Steyne (In re Steyne),* Nos. CIV. A. 97-07304-W, 97-80348-W, 1998 WL 34020729, at *1 (Bankr.D.S.C. February 17, 1998).

In the instant case, the Connecticut General Statutes clearly "prohibit[] the practice of law by persons not licensed to do so in this state. Representing a defendant in a law suit is undoubtedly the practice of law. The statutory exception of 'any person ... practicing law or pleading at the bar of any court of this state in his own cause' is not applicable to allow one who is not an attorney to represent [another person], except in small claims matters." (Citations and internal quotation marks omitted.) *Schwartz d/b/a GMH Realty v. AAAA Legal Services, PC*, 2000 WL 33158615 (Conn.Super. Rubinow, J., 2000) (holding that a *pro se* litigant is prohibited by statute from representing a corporation, which is a legal person under the law). Thus, the Plaintiff is precluded by statute from attempting to represent any interests other than her own.

      H.    **There is No Federal Question, and Therefore No Basis for Jurisdiction Over Any Putative State-Law Claims**

If the Court dismisses the Plaintiff's putative Fair Housing, ADA and Civil Rights claims, there is clearly no federal question, and it should decline to exercise jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). There is no dispute that a district court may decline to exercise supplemental jurisdiction over a claim

after dismissal of claims over which the court had original jurisdiction. *See e.g., Mormile v. Metropolitan Life Insurance Company et al.*, 91 F.Supp.2d 492 (D.Conn. 2000) (dismissing remaining state law claims after dismissal of federal claims brought under ERISA); *Castellano v. Board of Trustees, et al.*, 937 F.2d 752, 758 (2nd Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). Because there is no federal question in this case, the Court should dismiss the remaining claims, which to the extent they can be understood seem to implicate state-law claims.

## IV. CONCLUSION

In light of the foregoing points and authorities, the Defendants' Motion to Dismiss should be granted on numerous grounds. First, the Complaint fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Although the Complaint cites to the Fair Housing Act, the Americans with Disabilities Act, "Civil Rights" and "Human Rights Law" and makes claims for "actual damages, exemplary damages, compensatory damages, breach of contract – section 8 voucher, tort, or punitive damages," it fails to allege any facts implicating either statute, identifies no contract that was breached, sets forth no statutory basis for "Civil Rights" and "Human Rights" claims, and makes no cognizable claim for "tort liability" or punitive damages. Second, the Complaint fails to state a case or controversy with respect to Mr. Feld and Mr. Belcher. Finally, in the absence of a federal question, the Court does not have original jurisdiction, and thus should decline to exercise jurisdiction over the putative state-law claims. Therefore, the

Defendants respectfully request that this Honorable Court grant their Motion to Dismiss the Plaintiff's Complaint.

        THE DEFENDANTS
        FAIRFIELD HOUSING AUTHORITY,
        CHARLES FELD, MARILYN MCNEE, AND
        DAVID BELCHER

By:_____
   Matthew M. Hausman (CT 08966)
   Law Offices of Matthew M. Hausman, LLC
   799 Silver Lane
   Trumbull, CT 06611
   Tel.: (203) 375-6200
   Fax: (203) 575-5003
   e-mail: mhausmanlaw@msn.com

   Michael T. Ryan (CT 05685)
   Ryan, Ryan Johnson & DeLuca, LLP
   80 Fourth Street
   P.O. Box 3057
   Stamford, CT  06905-3057

## CERTIFICATION

  Pursuant to Fed. R. Civ. P. Rule 5 (b), it is hereby certified that a copy of the above was mailed on the date hereon, May 16, 2005, to all counsel and pro se parties of record:

Sammie Goss, *Pro Se*
10 Ridgeley Avenue
Fairfield, CT 06825

Douglas P. Morabito, Esq.
Assistant United States Attorney
U.S. Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT 06510

                _____
                Matthew M. Hausman (ct80966)