```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMMIE GOSS,                    :

     Plaintiff,                 :

     v.                         :     No. 3:03cv0935(WIG)

FAIRFIELD HOUSING               :
AUTHORITY, et al.,
                                :
     Defendants.
-------------------------X
```

**RULING ON HUD DEFENDANTS' MOTION TO DISMISS [DOC. # 46]**

The United States, on behalf of the United States Department of Housing and Urban Development ("HUD") and Betty Jones, an employee of the Connecticut State Office of HUD, has moved this Court to dismiss this action pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted.

Plaintiff, who is pro se, filed a hand-written complaint on behalf of herself and Maynard Goss, her service dog, against Jones, the Fairfield Housing Authority ("FHA"), and three FHA employees. Although named in the style of her complaint, neither HUD[1] nor Jones is listed as a party in Section A, entitled "Parties." Further, there are no claims against HUD or Jones in the body of the complaint.

---

[1] It is not clear that HUD is even named as a defendant in the style of her complaint, but the United States has treated her complaint as naming HUD.

1

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her complaint which would entitle her to relief. King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). The Court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. See Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999), cert. denied, 531 U.S. 1069 (2001). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support her claims. Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995), cert. denied, 519 U.S. 808 (1996).

In addition, the Court must liberally interpret the complaint of a pro se plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). When considering a motion to dismiss a pro se complaint, the Second Circuit has instructed that courts must construe the complaint broadly and interpret it to raise the strongest arguments suggested. Weixel v. Bd. of Educ. of N.Y.C., 287 F.3d 138, 145-46 (2d Cir. 2002). A pro se complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that no set of facts could be proven that would establish an entitlement to relief.  Id.  Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose behind this rule is to give the defendant fair notice of the plaintiff's claims and "the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

In this case, no matter how liberally the Court construes Plaintiff's complaint, there simply is no claim asserted against HUD or Jones.  See Iwachiw v. New York State Dep't of Motor Vehicles, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (internal citations omitted), aff'd, 396 F.3d 525 (2d Cir. 2005).

In response to the motion to dismiss, Plaintiff sent a hand-written letter addressed to the Undersigned, which the Undersigned had docketed as opposition to the motion to dismiss.  The letter primarily concerns Plaintiff's request for a court-

appointed lawyer, which the Court has addressed in previous rulings. As to her claims against Jones, Plaintiff writes in red ink and in all capital letters:

> IF SHE HAD DONE HER JOB TO MAKE ALL HA'S DO THEIR JOB AND <u>NOT DENY ME</u> APTS. EACH TIME I FOUND ALL THOSE ACCESSIBLE ONES, AND NOT DISCRIMINATE AGAINST MY AGE, BEING DISABLED, FROM NOV. 2001 TO THE PRESENT – NONE OF WHAT I'VE BEEN THROUGH SINCE 2001 WOULD NEVER [SIC] HAVE HAPPENED AND WOULD NOT BE STILL HAPPENING TODAY - 4 YEARS AND MORE!

This "claim," however, is not set forth anywhere in Plaintiff's complaint and, even if it were, it is simply too vague and speculative to support a cause of action under the Fair Housing Act, the Americans with Disabilities Act, or other civil rights statute against Defendant Jones.[2]

Accordingly, the Motion to Dismiss filed by the United States on behalf of HUD and Betty Jones is GRANTED.

SO ORDERED, this __6th__ day of February, 2006, at Bridgeport, Connecticut.

                       <u>/s/ *William I. Garkinkel*</u>
                       WILLIAM I. GARFINKEL,
                       United States Magistrate Judge

---

[2] The Court gave Plaintiff an additional opportunity to file a supplemental response, but she has filed nothing other than this brief letter.