```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMMIE GOSS,                     :

     Plaintiff,                  :

     v.                          :    No. 3:03cv0935(WIG)

FAIRFIELD HOUSING               :
AUTHORITY, et al.,
                                 :
     Defendants.
-------------------------X
```

## RULING ON FAIRFIELD DEFENDANTS' MOTION TO DISMISS [DOC. # 49]

Defendants, Fairfield Housing Authority ("FHA"), Charles Feld, Marilyn McNee, and David Belcher, have moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss this action for failure to state a claim upon which relief may be granted. Plaintiff has opposed this motion in a letter addressed to the Undersigned.[1]

## Motion to Dismiss Standard

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her complaint which would entitle her to relief. King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). The Court

---

[1] Plaintiff also requests the appointment of counsel, which this Court addressed at length in its ruling dated September 16, 2005.

must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally.  See Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999), cert. denied, 531 U.S. 1069 (2001).  The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support her claims.  Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995), cert. denied, 519 U.S. 808 (1996).

In addition, the Court must liberally interpret the complaint of a pro se plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  When considering a motion to dismiss a pro se complaint, the Second Circuit has instructed that courts must construe the complaint broadly and interpret it to raise the strongest arguments suggested.  Weixel v. Bd. of Educ. of N.Y.C., 287 F.3d 138, 145-46 (2d Cir. 2002).  A pro se complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief.  Id.  Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).  Further, although Rule 8, Fed. R. Civ. P., does not demand that a

complaint be a model of clarity or exhaustively present the facts alleged, it does require, at a minimum, that a complaint provide each defendant with "fair notice of what the plaintiff's claim is and the ground upon which it rests." Ferro v. Ry. Express Agency, Inc., 296 F.2d 847, 851 (2d Cir. 1961).

## Background

On May 22, 2003, Plaintiff, who is pro se, filed a complaint on behalf of herself and her service dog, Maynard Goss, against the FHA, Feld, McNee, and Belcher, who are employees of the FHA, as well as Betty Jones, an employee of the Connecticut State Office of HUD,[2] purporting to state claims under "HUD - Disability and Age Discrimination" and "ADA - Reasonable Accommodation" and violations of "Fair Housing - Age, Disability, Right to Live Where I Want," "Civil Rights," "Human Rights," and "Criminal Abuse," "Breach of Contract - Sec. 8 Voucher," and "Tort." She seeks actual, exemplary, compensatory, and punitive damages.

Her complaint focuses primarily on Defendant McNee, whom she claims repeatedly denied her handicap-accessible apartments without explanation and denied her large-print forms. Plaintiff alleges that McNee kept changing her "housing amounts" and doing

---

[2] A separate motion to dismiss has been filed by the United States, on behalf of the U.S. Department of Housing and Urban Development ("HUD") and Betty Jones. That motion is addressed in a separate ruling.

other "illegal paperwork" to make it appear that Plaintiff did not qualify for subsidized Section 8 housing. She claims that McNee refused to use all of Plaintiff's medical deductions for the purpose of establishing her eligibility for subsidized housing. Plaintiff also complains the McNee tried to obtain confidential information about Plaintiff's special needs trust and refused to find an apartment for Plaintiff in Fairfield, Connecticut unless Plaintiff supplied her with that information. She also claims that McNee tried to cancel her housing voucher, if she did not provide this information. Plaintiff states that McNee said things about Shadow, her previous service dog, to upset her, and asked for Maynard's certification as a service dog, allegedly in violation of "HUD, ADA, and Fair Housing Law[s]." She also claims that McNee lied to Disability Director Lynn Lebowitz about Plaintiff's not being able to find an apartment that suited her, although Plaintiff does not elaborate on how Plaintiff was damaged.

    She alleges that Defendant Belcher helped McNee and that, when she asked for large-print forms, he enlarged the forms to 13" X 8" just to embarrass and humiliate her because of her poor vision. She complains that Belcher cancelled meetings if she insisted on recording them.

    She claims that Defendant Feld, the Director of the FHA, refused to put Plaintiff at the top of the list for an accessible

housing unit, despite the fact that he had her doctor's letters, he knew she was homeless, and knew she needed an apartment that would accommodate her wheelchair. In her opposition to the motion to dismiss, she states that Feld, who was in charge of elderly/disabled housing, was responsible for everything that happened to her from November 21, 2001, to the present, including the threats, fraud, age and disability discrimination.

Attached to her complaint are a number of newspaper articles about her and her service dogs, a fax from McNee to an attorney with housing regulations attached, documentation that Plaintiff was appointed a volunteer legal advocate, handwritten notes regarding the HUD voucher process and McNee's alleged violations, some dictionary definitions, and letters regarding Plaintiff's special needs trust.

## **Discussion**

Even when the Court construes Plaintiff's complaint in the light most favorable to her and assumes for purposes of this motion that the facts alleged are true, Plaintiff has still failed to set forth a legally cognizable claim against any of these Defendants.

To the extent Plaintiff claims that these Defendants violated the National Housing Act or HUD Regulations in connection with her search for Section 8 housing, she has failed to allege that any of these Defendants denied her application for

a Section 8 voucher. To the contrary, she admits that at all times relevant to her complaint, she possessed a valid voucher, which she had transferred to the FHA. Plaintiff does not allege that the FHA owned any Section 8 housing to which she was denied access, and, in fact, the FHA denies that it owned any such housing. The role of a public housing authority is to process and consider applications for Section 8 housing. Defendants were not Section 8 landlords and were under no obligation to find an apartment for Plaintiff.

Plaintiff alleges that, between April and November, 2002, she found accessible apartments, but McNee denied them to her without explanation. However, under the federal Regulations, 24 C.F.R. § 987.302, it is the owner who is responsible for screening tenants for occupancy of Section 8 housing, not the public housing authority.

Additionally, to the extent Plaintiff is attempting to assert a claim for damages under the National Housing Act, 12 U.S.C. § 1701, et seq., this Court has held that there is no private right of action for damages under this Act. See Techer v. Roberts-Harris, 83 F.R.D. 124, 130 (D. Conn. 1979).

Plaintiff alleges that McNee "kept changing the fair housing amounts" and doing "illegal paperwork" and refusing to use all of her medical deductions to make it appear that she did not qualify, but Plaintiff fails to elaborate on what McNee did that

6

was illegal or in violation of any of the fair housing laws. Based on the allegations of the complaint, she has failed to set forth any cognizable claim in this regard.

Plaintiff also complains about Defendant McNee's efforts to obtain information about her special needs trust,[3] the disclosure of which she claims was prohibited.  The FHA claims that under HUD Regulations, it was required to obtain financial information from participants, and that this financial information included Plaintiff's special needs trust.  See 24 C.F.R. § 982.551. Whether Plaintiff's trust qualifies as a special needs trust and whether Plaintiff was required to disclose the amount of this trust to the FHA are issues this Court need not resolve for purposes of ruling on the motion to dismiss.  Even if this information was not relevant to Plaintiff's ability to qualify for Section 8 housing, Plaintiff has alleged no harm or damage flowing from McNee's request for such information.

To the extent that Plaintiff is attempting to allege a violation of the federal Fair Housing Act of 1968, as amended by

---

[3] A "special needs trust" is a trust designed to supplement the benefits that persons with disabilities are entitled to receive under various federal and state statutes.  Parkhurst v. Wilson-Coker, 82 Conn. App. 877, 879 (2004).  As the court's decision in Parkhurst illustrates, whether the assets of a special needs trust are counted for purposes of determining a person's eligibility for benefits under various state and federal assistance programs is a complex issue, the answer to which varies depending on the particular state or federal statutory scheme.

the Fair Housing Amendments Act, 42 U.S.C.A. §§ 3601 et seq., she has not alleged that she was discriminated against by any of the Defendants on the basis of her disability or because of her service dog nor has she alleged any other discriminatory housing practice.

To the extent Plaintiff is attempting to assert a failure to accommodate claim under the Fair Housing Act or the Americans with Disabilities Act relating to Defendants' failure to provide large-print documents, she subsequently alleges that Defendants did provide large-print forms, although she complains the forms were too large and surmises that Defendants must have been trying to embarrass her.  These allegations do not set forth a viable cause of action under either of these statutes.

She complains that she was not allowed to tape record her meetings with the FHA, but does not allege how this amounted to a failure to accommodate a disability, nor does she allege any harm or injury.

With respect to Defendants Feld and Belcher, Plaintiff has alleged nothing that could reasonably be construed as a valid claim against either of them.  She states that Belcher did whatever McNee wanted him to do, but other than his supplying her with large-print forms that were larger than Plaintiff apparently wanted or needed, she alleges no other wrongdoing on his part. As to Defendant Feld, she claims that he was responsible for

everything that happened to her. She also alleges that he failed to put her name at the top of the waiting list when he knew she was disabled and homeless. It appears that Plaintiff may be attempting to allege a claim that she was not afforded a preference under the FHA's regulations,[4] to which she may have been entitled based on her status as a homeless and/or disabled person. However, she has not alleged what preference, if any, she was denied by Defendant Feld, and how she was damaged thereby.

Finally, to the extent that Plaintiff Sammie Goss has attempted to bring this action on behalf of Maynard, her service dog, those claims are dismissed. There is no provision in the Fair Housing Act, the ADA, or any other civil rights statute that confers upon an animal the right to bring a civil action. See Citizens to End Animal Suffering and Exploitation, Inc. v. New England Aquarium, 836 F. Supp. 45, 49-50 (D. Mass. 1993) (holding that a dolphin did not have standing to bring suit).

Thus, the Court concludes that all of Plaintiff's federal Fair Housing Act, National Housing Act, Americans with Disabilities Act, and civil rights claims should be dismissed. Having dismissed all of Plaintiff's federal claims, the Court

---

[4] The Court notes that the mandatory Section 8 federal preferences were eliminated by the 1998 Housing Act, P.L. 105-276, § 514(a) (1998), leaving this matter for the local public housing authorities. See 42 U.S.C. § 1437(c)(4).

declines to exercise supplemental jurisdiction over her state-law claims. 28 U.S.C. § 1367(c)(3).

Accordingly, the Motion to Dismiss of the City of Fairfield, Charles Feld, Marilyn McNee, and David Belcher, is GRANTED, and Plaintiff's claims against these Defendants are dismissed with prejudice. The Court grants Plaintiff thirty (30) days to file a motion for leave to file an amended complaint. If, within thirty (30) days of the date of this ruling, Plaintiff has not sought leave to file an amended complaint, the Clerk is directed to enter a Judgment in favor of all Defendants and to close this file.

SO ORDERED, this __13th__ day of March 2006, at Bridgeport, Connecticut.

> __/s/ *William I. Garfinkel*__
> WILLIAM I. GARFINKEL,
> United States Magistrate Judge